[No. 777-1.    Division One—Panel 2.    January 24, 1972.]

JOHN E. CUNNINGHAM *et al., Appellants,* v. KING COUNTY BOUNDARY REVIEW BOARD *et al., Respondents.*

*Clark B. Snure,* for appellants.

*Slade Gorton, Attorney General,* and *Walter E. Webster, Jr., Special Assistant,* for respondents.

FARRIS, A.C.J.—Plaintiffs appeal from a King County Superior Court judgment dismissing with prejudice their appeal from a decision of the King County Boundary Review Board. The board's decision allowed defendant sewer district to annex approximately 87 acres after a petition for annexation, signed by the owners of 60 per cent of the area proposed to be annexed, was initiated pursuant to RCW 56.24.120. A public meeting was held by the King County Boundary Review Board, a resolution of approval was passed, and the board approved the annexation. Appellants contested this action by an appeal to the superior court. The trial court in upholding the acts of the board ruled that its appellate review of a decision of the boundary review board was limited by RCW 36.93.160 and that it could not consider the constitutionality of the statutes relating to the annexation methods. It is this action that we now review.

It is not disputed on appeal that the trial court erred in holding that it lacked jurisdiction to consider the constitutionality of RCW 56.24. The parties agree that this court can consider the constitutionality of the statute on appeal even though the trial court made no ruling on the question.

Three questions are before the court: (1) whether RCW 56.24 violates the equal protection clause of the fourteenth amendment to the United States Constitution; (2) whether the process by which the annexation petitions were accepted, verified and approved by the King County Boundary Review Board was procedurally defective; and (3) whether the decision of the King County Boundary Review Board is supported by substantial evidence.

RCW 56.24 provides two alternate methods by which land may become annexed to a sewer district: the election method, RCW 56.24.070-.090, and the petition method, RCW 56.24.120-.150. Under the election method, property owners

in the area proposed to be annexed to a sewer district are allowed to vote upon such annexation after the proper procedures for holding an election have been satisfied. Appellants find no fault with this method, but object to the fact that there is an alternate petition method by which registered voters living within the area proposed for annexation are not allowed to vote on the question of whether the proposed area should become annexed. Instead, this determination is made by the board of commissioners of the sewer district to which annexation is desired after a petition in writing containing the signature(s) of the owner(s) of 60 per cent or more of that proposed area has been addressed to and filed with the sewer district board of commissioners and a public hearing on the proposed annexation has been held. The crux of appellants' argument is summarized in their brief:

> A large property owner can effectively disenfranchise the residents of the area by preparing a petition for annexation under which he owns 60% of the property proposed for annexation. The owners of the remaining 40% of the property, regardless of their number, have lost the rights granted to them under the election method set forth in the first part of the statute. [RCW 56.24.070-.090.]

Therefore, appellants urge, the petition method violates the Fourteenth Amendment's equal protection clause. We do not agree.

█   The cases relied upon by appellants to support their position involve voting laws which single out "discrete and insular minority" groups for special treatment or discriminate against or authorize discrimination against an independently identifiable class or group. Here, no identifiable class can be said to be "fenced out" from the franchise because of the way they will vote, *Carrington v. Rash,* 380 U.S. 89, 13 L. Ed. 2d 675, 85 S. Ct. 775 (1965); or because the state has assumed that they are only "remotely interested" in the subject matter of the election, *Kramer v. Union Free School Dist. 15,* 395 U.S. 621, 23 L. Ed. 2d 583,

89 S. Ct. 1886 (1969). Rather, the statute applies alike to all property owners within the proposed sewer district. As such, it does not violate the Fourteenth Amendment. *See Gordon v. Lance*, 403 U.S. 1, 29 L. Ed. 2d 273, 91 S. Ct. 1889 (1971).

Appellants also contend that, in any event, the statute denies equal protection of the law within the Fourteenth Amendment because those landowners who do not join in signing the petition and oppose annexation do not have an effective voice in the process by which annexation is approved. This contention overlooks RCW 56.24.130 which provides that persons who are "interested" in the annexation are invited to appear at a public hearing before the board of commissioners of the sewer district to which annexation is proposed and "voice approval or disapproval of the annexation." Those landowners who object to annexation have the opportunity to convince the sewer district board that there is reason to deny the petition. Appellants then, although in the minority, are not denied equal protection of the law.

In their next assignment of error, appellants attack the petitions for annexation as having failed to adequately advise prospective signers of the purpose of the petition and as having contained at least one signature which should not have been allowed, alleging error on the part of the King County Boundary Review Board for not examining the petitions or introducing them into the record. Appellants also state that such action along with the board's approval was arbitrary and capricious. Here, where it is conceded that 60 per cent of the total area proposed to be annexed is owned by the Masonic Home, one of the petitioners, appellants' argument is not as persuasive as it might otherwise be. In fact, however, the record reflects that the allegations of the appellants were considered and rejected by the King County Boundary Review Board although the petitions had been certified as being in the proper form and containing a sufficient number of signatures.

Appellants' final assignment of error is that the boundary

review board's decision is not supported by material, competent and substantial evidence. We disagree.

Some of the factors which are to be considered by the boundary review board in acting upon a proposal to enlarge the territory of an existing sewer district are set forth in RCW 36.93.170.[1] The record of the hearing before the boundary review board reflects that the board considered these factors at its hearing. Testimony on the following considerations is a part of the record:

(1) Whether the area proposed to be annexed was a logical area for extension of the Des Moines Sewer District;

(2) The comprehensive plan of the district;

(3) The overall drainage pattern of the district;

(4) The probable future service requirements of the area;

(5) The drainage problems which might be encountered in light of future business and housing development;

(6) The fact that the area was already experiencing drainage problems and that illegal discharge of sewage directly into Puget Sound was currently taking place; and

(7) Recent dye tests performed in this area under the direction and control of a representative of the King

---

[1] "In reaching a decision on a proposal or an alternative, the board shall consider the factors affecting such proposal, which shall include, but not be limited to the following:

"(1) Population and territory; population density; land area and land uses; comprehensive use plans and zoning; per capita assessed valuation; topography, natural boundaries and drainage basins, proximity to other populated area; the likelihood of significant growth in the area and in adjacent incorporated and unincorporated areas during the next ten years; location and most desirable future location of community facilities.

"(2) Municipal services; need for municipal services; effect of ordinances, governmental codes, regulations and resolutions on existing uses; present cost and adequacy of governmental services and controls in area; prospects of governmental services from other sources; probable future needs for such services and controls; probable effect of proposal or alternative on cost and adequacy of services and controls in area and adjacent area; the effect on the finances, debt structure, and contractual obligations and rights of all affected governmental units.

"(3) The effect of the proposal or alternative on adjacent areas, on mutual economic and social interests, and on the local governmental structure of the county."

County Health Department, who testified before the board. Arguments made by the appellants regarding this testimony go to its weight, rather than to its admissibility. The record reflects that the decision of the boundary review board was supported by material and substantial evidence.

The judgment of the trial court is affirmed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied February 25, 1972.

Review denied by Supreme Court April 24, 1972.