Honorable John Koster State Representative, 39th District P. O. Box 40600 Olympia, WA 98504-0600
Dear Representative Koster:
By letter previously acknowledged, you have requested an opinion of this office on a question we have paraphrased as follows:
 QUESTION Where a city annexation by the direct petition method has been initiated and the matter has been referred to the county's boundary review board, may the boundary review board modify the proposal by adding territory that was not described in the annexation petition? If so, may the city complete the annexation using the modified proposal?
 BRIEF ANSWER
We answer both parts of your question in the affirmative. The law specifically provides that an annexation by the direct petition process that is proposed in a county with a boundary review board must follow applicable boundary review board processes. If the county's boundary review board, in following its processes, modifies the annexation proposal by adding property, this action does not invalidate the initiating parties' petition under the direct petition annexation process so long as the initiating parties' petition was legally sufficient prior to the boundary review board action. Thus, such action by the boundary review board does not preclude the city from annexing the property added by the boundary review board.
 ANALYSIS
Your questions are based upon the apparent conflict between the laws concerning the direct petition method of annexation and those concerning boundary review boards. The apparent conflict can be explained by setting forth the salient points of each of these processes.
1. Direct Petition Method of Annexation.
Under this method, property owners who want to annex an unincorporated area of territory to a city begin the process by filing a petition for annexation with the legislative body of the city. RCW 35A.14.120. The petition must be signed by property owners of not less than ten percent in value, according to the assessed valuation for general taxation of the property for which annexation is sought. RCW 35A.14.120. Pursuant to law, after the property owners file the petition, the city must meet with the property owners to discuss the petition. RCW 35A.14.120. The city then can accept, reject, or geographically modify the petition and set other conditions on the proposed annexation. RCW 35A.14.120. If the property owners obtain city approval to proceed, but the city modifies or sets conditions on the annexation, the property owners must change the petition to include the city-required changes. RCW 35A.14.120. Then the petition must be circulated again as provided by law. RCW 35A.14.120. When the petition has then been circulated again, as soon as it meets all legal requirements, the city can set a date for public hearing of the matter. RCW 35A.14.130. Following the public hearing, the legislative body of the city can either determine to adopt, or not to adopt, an annexation ordinance. RCW 35A.14.140. If the city adopts an annexation, the ordinance can provide for the annexation of "all or any portion of the proposed area but may not include in the annexation any property not described in the petition". RCW 35A.14.140. This particular provision is the provision that appears to contain a conflict with boundary review board laws and is thus the basis for your question.
 2. Boundary Review Board Process in Counties with Boundary Review Boards.
In counties with boundary review boards, property owners desiring to have a city annex territory under the direct petition method must also comply with boundary review board laws as provided by the following: "Actions taken under chapter 35A.14 RCW [which is the chapter that includes the direct petition annexation process] may be subject to potential review by a boundary review board under chapter 36.93 RCW". RCW 35A.14.001. Court decisions have affirmed that annexations under the direct petition method also must meet boundary review board requirements in counties that have boundary review boards. See, e.g., Glenrose Comm'ty Ass'n v. Spokane,93 Wn. App. 839, 843-44, 971 P.2d 82 (1999).
Property owners proceeding with an annexation petition must not only comply with the direct petition method laws, but they must also file a notice of intention to annex the property with the boundary review board. The relevant statute provides as follows:
 Whenever any of the following described actions are proposed in a county in which a [boundary review] board has been established, the initiators of the action shall file within one hundred eighty days a notice of intention with the board. . . . The board may review any such proposed actions pertaining to:
 (1) The: (a) Creation, incorporation, or change in the boundary, other than a consolidation, of any city, town, or special purpose district. . . .
RCW 36.93.090. Thus, the property owners must file the annexation proposal with the boundary review board within 180 days after they propose the annexation.
After the notice of intention is filed with the board, the law provides a 45 day waiting period. RCW 36.93.100. If an entity with authority to do so invokes the jurisdiction of the board within that 45 day period, then the board must review and approve, disapprove, or modify the annexation proposal. RCW 36.93.100.
If the board reviews the annexation, it may approve the proposal as submitted, modify the proposal by adjusting boundaries to add or delete territory,[1] or disapprove the proposal.[2] RCW 36.93.150. The same statute provides that "[t]he addition or deletion of property by the board shall not invalidate a petition which had previously satisfied the sufficiency of signature provisions of . . . RCW 35A.14.120." Id. Thus, if a boundary review board modifies the annexation petition to add territory, the law permits the petition to move forward in the annexation process. From that point one, the boundaries drawn by the boundary review board are the boundaries upon which the city must base its decision. As noted above, the city may then, at the discretion of its legislative body, annex all or some portion of the territory as described in the petition as modified by the boundary review board. RCW 35A.14.120. The city may not annex any additional territory. Id.
Thus, when the laws are read together in their entirety, there is no conflict between RCW 35A and RCW 36.93. The Legislature has explicitly provided that the modification of an annexation proposal by the boundary review board will not invalidate the petition which originated the annexation. It necessarily follows that any further annexation proceedings are based on the proposal as modified by the boundary review board. This reading preserves the basic structure of annexation proceedings (process involving some form of consent both by the annexing government and the residents or property owners of the territory in question), as well as carrying forward the purposes for the establishment of boundary review boards. (See, e.g., RCW 36.93.010, 36.93.150, 36.93.170, 39.93.180)[3]
We trust the foregoing will be of assistance to you.
Sincerely,
NANCY F. SLOANE Assistant Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General
[1] The board's authority to modify proposals is limited as to towns and certain small cities. RCW 36.93.150(2). We assume none of these limitations apply for purposes of answering your question.
[2] A board's authority to disapprove a proposal is limited in certain circumstances described in RCW 36.93.150(5); this issue is irrelevant to the present discussion. The statute also permits the board to determine a division of assets where two or more governments are involved in an annexation and to determine whether a city or town will assume the functions of a special purpose district. RCW 36.93.150 (3), (4).
[3] When a boundary review board adds territory to a proposal, the possibility arises that territory will be annexed whose owners and/or residents did not support the annexation. Our courts have held that this possibility does not affect the validity of the annexation statutes. The rights of citizens are protected in part by the opportunity to be heard at public hearings on the annexation. Cunningham v. King Cy. BoundaryReview Bd., 6 Wn. App. 385, 493 P.2d 811 (1972). The residents of territory subject to annexation do not have a constitutional right to vote on the proposal. Id. This is also the clear implication of VashonIsland Comm. for Self-Government v. Washington State Boundary ReviewBd., 127 Wn.2d 759, 903 P.2d 953 (1995), in which the Supreme Court found that residents had no constitutional right to proceed with an incorporation proposal found to be inconsistent with growth management laws.